**LAW OFFICES OF WILLIAM R. McGEE, APLC**
Kevin A. Alexander II, State Bar No. 034578
Kevin.LemonLaw@gmail.com
701 Palomar Airport Road, Suite 250
Carlsbad, California 92011
T: (760) 438-1047
F: (760) 438-1056

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Y. Gonzalez,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR RESTITUTION AND DAMAGES<br><br>[VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT AND VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT]<br><br><u>DEMAND FOR JURY TRIAL</u> |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Yolanda Y. Gonzalez (hereinafter "Plaintiff") alleges as follows:

## **JURISDICTION**

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. section 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301 *et seq.* (hereinafter "Mag-Moss" of "Federal Lemon Law").

2. Jurisdiction over Plaintiff's A.R.S. section 44-1261 *et seq.* state claim is proper under 28 U.S. Code section 1367 as there is pendent jurisdiction in that all claims share a common nucleus of operative fact.

3. Plaintiff is a citizen of the State of Arizona, residing in Maricopa County.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein, FCA US LLC (hereinafter "Defendant") is and was a foreign corporation and registered to do business in the State of Arizona and doing business in the County where Plaintiffs reside thereby making venue appropriate.

1 - *COMPLAINT*

## GENERAL ALLEGATIONS

5. Plaintiff realleges and incorporates by reference paragraphs 1-4 in this Complaint.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships. Plaintiff is further informed and believes, and thereon alleges, that Defendant is the proper corporate entity defendant in the instant lawsuit.

7. Defendant is subject to the provisions of the Mag-Moss and A.R.S. section 44-1261 *et seq.*, the Motor Vehicles Warranty Act (hereinafter the "Arizona Lemon Law").

8. On or about April 29, 2018, Plaintiff purchased and/or leased a 2018 Jeep Cherokee, vehicle identification number 1C4PJLLB3JD584592 (hereinafter the "Subject Vehicle").

9. In connections with Plaintiff's purchase of the Subject Vehicle, Defendant issued and supplied Plaintiffs with its written warranty.

10. The Subject Vehicle suffered from many different serious defect(s) and nonconformity(s) to warranty, included but not limited to the transmission and being out of service for repair for an excessive number of days. The forgoing defect(s) and nonconformity(s) to warranty manifested themselves within the applicable express warranty.

11. Plaintiff delivered the Subject Vehicle to Defendant's authorized service and repair facility for repair of the aforementioned nonconformity(s) on numerous occasions.

12. Defendant has not and/or has refused to conform the Subject Vehicle to the applicable express and implied warranties after a reasonable number of attempts. The Subject Vehicle remains defective and nonconforming.

13. Plaintiff is a "consumer" pursuant to Mag-Moss and Arizona Lemon Law.

14. The Subject Vehicle is a "consumer product" pursuant to Mag-Moss and a "motor vehicle" pursuant to the Arizona Lemon Law.

15. Defendant is a "supplier," "warrantor," and/or manufacturer pursuant to Mag-Moss and the Arizona Lemon Law.

16. Defendant issued a warranty to Plaintiff, which is a "written warranty" pursuant to Mag-Moss and the Arizona Lemon Law.

### **COUNT 1 - BREACH OF WRITTEN WARRANTY PURUSAUNT TO MAG-MOSS**

17. Plaintiff realleges and incorporates by reference paragraphs 1-16 in this Complaint.

18. By failure of Defendant to timely remedy the defects as alleged above, or to issue an refund or replacement, Defendant is in breach of its obligations under Mag-Moss.

19. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under Mag-Moss.

20. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under Mag-Moss.

21. Plaintiff is entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

22. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For rescission of the contract and restitution of all consideration;

    b. For actual compensatory and general damages according to proof at time of trial;

    c. Prejudgment interest from date of rescission;

    d. For attorneys' fees incurred herein according to proof;

    e. For costs of suit incurred herein; and

    f. For such other and further relief as the Court deems just and proper.

///
///
///
///

## COUNT 2 - VIOLATION OF THE ARIZONA LEMON LAW

23. Plaintiff realleges and incorporates by reference paragraphs 1-22 in this Complaint.

24. By failure of Defendant to timely remedy the defects as alleged above, or to issue an refund or replacement, Defendant is in breach of its obligations under the Arizona Lemon Law.

25. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under Arizona Lemon Law.

26. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under Arizona Lemon Law.

27. Plaintiff is entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

28. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For rescission of the contract and restitution of all consideration;
   b. For actual compensatory and general damages according to proof at time of trial;
   c. Prejudgment interest from date of rescission;
   d. For attorneys' fees incurred herein according to proof;
   e. For costs of suit incurred herein; and
   f. For such other and further relief as the Court deems just and proper.

**DATED:**   June 10, 2020                **LAW OFFICES OF WILLIAM R. McGEE**

By:   /s/ Kevin A. Alexander II
**KEVIN A. ALEXANDER II**
Attorney for Plaintiff